United States District Court
Southern District of Texas
**ENTERED**
February 23, 2016
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **MELQUIADES MENDIOLA, JR,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:14-261** |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| **Respondent.** | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On December 15, 2014, Petitioner Melquiades Mendiola, Jr, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Dkt. No. 1.

On March 25, 2014, Respondent William Stephens, in his official capacity as Director of Texas Department of Criminal Justice – Correctional Institutions Division (hereinafter "State") filed a motion for summary judgment. Dkt. No. 20. Mendiola filed a response. Dkt. No. 27. That motion is now fully briefed and pending before the Court.

After reviewing the record and the relevant case law, the Court recommends that the motion for summary judgment be granted. Mendiola's challenge to his burglary conviction is untimely filed and there is no basis for equitable tolling. Further, Mendiola's challenge to his conviction for possession of a controlled substance is meritless because he has fully discharged that sentence.[1]

## I. Background

### A. Factual Background

#### 1. Burglary Conviction

In February 2004, an indictment was returned against Mendiola in Cameron County,

---

[1] Mendiola has filed five separate motions in this case. Dkt. Nos. 16, 25, 26, 28, 29. Given the absence of merit to his petition, the Court recommends that all of these motions be denied.

Texas, state court in 2004-CR-675-G ("Case 675").  Dkt. No. 19-1, p. 38.  In that indictment, Mendiola and a co-defendant were charged with burglary of a habitation. Id. According to the docket sheet, on August 30, 2004, Mendiola pled guilty and was sentenced to seven years of incarceration, with the entire sentenced probated. Id, p. 102.

On June 13, 2011, the State of Texas filed a motion to revoke the probated sentence, because Mendiola tested positive for controlled substances – that were not prescribed by a physician – in his system. Dkt. No. 19-1, p. 49.  On March 29, 2012, Mendiola was found to have violated his probation and was sentenced to 5 years of incarceration at the Texas Department of Criminal Justice. Id, p. 45.  His sentence was to run concurrently with his sentence for possession of a controlled substance in another case, as discussed further below.

Mendiola did not file a direct appeal of his sentence or conviction.

On June 25, 2013, Mendiola filed an application for writ of habeas corpus in the state court ("first habeas petition in Case 675"). Dkt. No. 19-1, p. 5.  In that petition, Mendiola appeared to assert that his failed drug test – which precipitated the revocation of his probation – was because he was working as an undercover informant for the State. Dkt. No. 19-1, p. 10.

On August 7, 2013, the Court of Criminal Appeals of Texas "dismissed" Mendiola's first state habeas petition in Case 675, for failing to comply with TEX. R. APP. 73.1. Dkt. No. 19-1, p. 53.  It appears that the dismissal was based upon Mendiola's failure to clearly state the grounds for the relief he sought. Dkt. No. 19-1, pp. 23-24.

On August 21, 2014, Mendiola filed another application for writ of habeas corpus in state court ("second habeas petition in Case 675"). Dkt. No. 19-1, p. 57.  In that petition, Mendiola raised five claims, all of which appeared to assert that Mendiola had agreed to serve as a confidential informant for the State for drug purchases and that the State did not live up to its end of the bargain. Id, pp. 57-72.

On November 26, 2014, the Court of Criminal Appeals of Texas "denied" Mendiola's second habeas petition in Case 675 without a written order. Dkt. No. 19-1, p. 127.

2

### 2. Possession of a Controlled Substance

In July 2007, Mendiola was again indicted in Cameron County, Texas, state court; this time in docket number 2007-CR-1492 ("Case 1492"). Dkt. No. 19-2, p. 39.   In that indictment, Mendiola was charged with possession of a controlled substance. Id.

On October 26, 2007, Mendiola pled guilty to possession of a controlled substance. Dkt. No. 19-2, pp. 40-42.  Mendiola was sentenced to two years of incarceration, which was probated to five years of supervised release. Id.  The probated sentence was to be served concurrently with his sentence in Case 675. Id.

On March 29, 2012, Mendiola's probated sentence, in Case 1492, was revoked; he was sentenced to two years of incarceration to be served in the TDCJ State Jail Division, with 81 days of credit for time already served. Dkt. No. 19-2, p. 50.  That sentence was to be served concurrent to the sentence in Case 675. Id.

Mendiola did not file a direct appeal of his sentence or conviction in case 1492.

Instead, on June 25, 2013 – the same day that he filed the first habeas petition in Case 675 – Mendiola filed an application for writ of habeas corpus in the state courts ("first habeas petition in Case 1492"). Dkt. No. 19-2, p. 5.  In that petition, Mendiola raised the exact issues that he raised in his first habeas petition in Case 675, i.e., that his failed drug test occurred because he was working as an undercover informant for the State. Dkt. No. 19-2, p. 10.

On October 2, 2013, the Court of Criminal Appeals of Texas "dismissed" Mendiola's first state habeas petition in Case 1492 for, again, failing to comply with Tex. R. App. 73.1. Dkt. No. 19-2, p. 64.  It appears that the dismissal – like the one in Case 675 – was based upon Mendiola's failure to clearly state the grounds for the relief he sought. Dkt. No. 19-2, pp. 22-23.

On August 21, 2014 – the same day that he filed his second petition in Case 675 – Mendiola filed another application for writ of habeas corpus in the state courts, relating to case 1492 ("second habeas petition in Case 1492"). Dkt. No. 19-2, p. 68.  In that petition, Mendiola raised the same five claims that he raised in his second petition in Case 675. Id, pp. 68-84.

3

On November 26, 2014, the Court of Criminal Appeals of Texas "denied" Mendiola's second habeas petition in Case 1492 without a written order. Dkt. No. 19-2, p. 137.

### B. Procedural History

On December 15, 2014, Mendiola filed the instant petition for a writ of habeas corpus in this Court, concerning Cases 675 and 1492. Dkt. No. 1.  Interpreting the submission in the light most favorable to petitioner, Mendiola alleges: (1) the State entered into a contract with him to serve as an undercover informant and did not live up to the contract; and, (2) the probation officer misrepresented whether Mendiola had failed the drug test.[2] Dkt. No. 1.

On March 25, 2015, the State of Texas filed a motion for summary judgment. Dkt. No. 20.  The State asserted that Mendiola is no longer in custody for Case 1492, depriving the Court of jurisdiction to consider Mendiola's habeas petition as to that case. Id.  The State further asserted that Mendiola's petition in Case 675 was not timely filed and that there is no basis for equitable tolling. Id.  On April 16, 2015, Mendiola filed a response. Dkt. No. 27.

## II. Applicable Law

### A. Section 2254

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner convicted in a state court may challenge his conviction to the extent it violates "the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Accordingly, only violations of the United States Constitution or federal law are subject to review by this Court under § 2254.

In conducting such a review, a federal district court

may not issue a writ of habeas corpus for a defendant convicted under a state judgment unless the adjudication of the claim by the state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

---

[2]  Mendiola appears to be asserting that he only tested positive for marijuana, but that the probation officer lied and said that he also tested positive for cocaine. See Dkt. 19-1, p. 64 (making similar allegation in state habeas proceedings).  Thus, while not conceding to having used marijuana, Mendiola does apparently admit that he tested positive for the use of marijuana.

United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."

Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

"A decision is contrary to clearly established federal law under § 2254(d)(1) if the state court (1) 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law'; or (2) 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent' and reaches an opposite result." Simmons v. Epps, 654 F.3d 526, 534 (5th Cir. 2011) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)).

"The state court makes an unreasonable application of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts'; or (2) 'either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Simmons, at 534 (quoting Williams, at 407).

**B. Custodial Requirement**

Section 2254 requires a prisoner to be "in custody" pursuant to a state judgment at the time that the petition is filed in order for the Court to have jurisdiction. § 2254; Spencer v. Kemna, 523 U.S. 1, 7 (1998). When the sentence for a conviction has "completely expired," the Court lacks jurisdiction to consider the petition. Hendrix v. Lynaugh, 888 F.2d 336, 338 (5th Cir. 1989).

The only exception to this rule is that if a prisoner is serving consecutive sentences, he may challenge any of those sentences prior to the completion of his entire period of incarceration. Garlotte v. Fordice, 515 U.S. 39, 47 (1995). This result is in contrast to the treatment afforded concurrent sentences. When a prisoner is serving concurrent sentences and the shorter sentence has expired – but the prisoner is still incarcerated for the longer sentence – the prisoner is no longer considered to be in custody for the expired sentence. Mays v. Dinwiddie, 580 F.3d 1136, 1140–41 (10th Cir. 2009); Sweet v. McNeil, 345 Fed. App'x 480 (11th Cir. 2009).

### C. Timeliness

A petitioner has a one year "period of limitation" in which to file a § 2254 petition. 28 U.S.C. § 2244(d)(1).  That period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  This one year period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending in the state courts. 28 U.S.C. § 2244(d)(2).

Further, the limitations period is not jurisdictional and may be equitably tolled. Holland v. Florida, 560 U.S. 631, 645 (2010).  For equitable tolling to excuse the late filing of a petition, the petitioner must show that he has been "pursuing his rights diligently" and that "some extraordinary circumstance" prevented timely filing. Id. at 649.

Equitable tolling does not apply, however, where a state court petition is filed after the expiration of the one year period. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Finally, the filing of a state petition does not serve to "revive an expired limitation period." Villegas v. Johnson, 184 F.3d 467, 472-73 (5th Cir. 1999).

### III. Analysis

In analyzing Mendiola's claims, a basic premise is that allegations by pro se litigants must be afforded liberal construction to ensure that their claims are not unfairly dismissed, because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).

That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).  In this case, even allowing for the latitude afforded a pro se claimant, neither the record – nor the law – support Mendiola's claims.

### A. Case 674

As previously noted, Mendiola had one year in which to file his petition.  As relevant here, that one year period of limitation began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Mendiola's probation was revoked on March 29, 2012. Dkt. No. 19-1, p. 45. Mendiola had 30 days in which to file a direct appeal of that conviction or sentence. Tex. R. App. P. 26.2(a)(1).  Because that day – April 28, 2012 – fell on a Saturday, Mendiola had until April 30, 2012 to file his direct appeal. TEX. R. APP. P. 4.1(a).  When that deadline passed, Mendiola's time for seeking direct review expired.  Accordingly, Mendiola had until April 30, 2013 to file his petition with this Court, absent any tolling.  Mendiola filed his petition on December 15, 2014 – 19 months after the deadline expired. Dkt. No. 1.  Thus, the petition was clearly not timely filed.

Federal law provides that any claims properly pending in the state courts toll the limitations period. 28 U.S.C. § 2244 (d)(2).  The existence of such tolling, avails Mendiola nothing.  Both of Mendiola's habeas petitions were "filed . . . after the period of limitation had expired[,]" accordingly, they do not toll the limitations period.  Scott v. Johnson, 227 F.3d at 263 (emphasis original).

Furthermore, Mendiola's claims cannot be saved by equitable tolling.  Mendiola must show that he has been "pursuing his rights diligently" and that "some extraordinary circumstance" prevented timely filing. Holland, 130 S.Ct. at 2562-63.  Mendiola has failed to provide any reason for the lateness of the filing and has failed to show, in any fashion, that he diligently pursued his rights or that he was prevented from timely filing.  Given these

failures, equitable tolling does not save Mendiola's untimely filing. Accordingly, Mendiola's petition should be dismissed as untimely in Case 674.[3]

### B. Case 1492

As to the petition in Case 1492, the Court lacks jurisdiction to consider it, because Mendiola has completed his sentence for that case and is no longer in custody as a result of that sentence.

On March 29, 2012, Mendiola was sentenced to two years of incarceration, with credit for 81 days served, in Case 1492. Dkt. No. 19-2, p. 50. This sentence was to run concurrently with the sentence in Case 675.

With 81 days of credit, the two-year sentence would have expired on January 8, 2014. Mendiola did not file his petition in this Court until December 15, 2014, over 11 months later. At the time that Mendiola filed his petition, he was no longer incarcerated for Case 1492.

When a prisoner is sentenced to concurrent sentences and completes one sentence – while continuing to serve the other sentence – the prisoner is not considered to be in custody for the expired sentence.[4] Mitchell v. Tanner, No. Civ. 13-4918, 2014 WL 222071, at *2 (E.D. La. Jan. 21, 2014) (unpubl.) (citing Mays, 580 F.3d at 1140–41; Sweet, 345 Fed. App'x at 480; Butler v. Quarterman, No. 3–09–CV–0700, 2009 WL 3097283, at *2 n .3 (N.D. Tex. Sept. 28, 2009)).

Because Mendiola has fully served his sentence for Case 1492, the Court lacks

---

[3] The Court notes that even if it reached the merits of Mendiola's petition in either case, the claims are foreclosed and meritless. Mendiola pled "true" to the State's motion to revoke his probation. A voluntary guilty plea constitutes a waiver of all nonjurisdictional defenses. Gallow v. Cooper, 505 Fed. App'x 285, 294 (5th Cir. 2012) (unpubl.) (citing Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983)). As such, Mendiola waived his claims when he pled "true" to the charges.

[4] As noted earlier, the analysis and conclusion would be different if Mendiola's sentences had been ordered to be served consecutively, rather than concurrently. Those, however, are not the facts of this case.

jurisdiction to consider his petition. <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989).  Thus, the Court should dismiss his petition for lack of jurisdiction,

## IV.  Recommendation

It is **RECOMMENDED** that Melquiades Mendiola's petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 be **dismissed** for being untimely filed and lack of jurisdiction.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2254 motion to the Court of Appeals. 28 U.S.C. § 2253(c)(1)(A).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. <u>Id.</u> at 327; <u>Moreno v. Dretke</u>, 450 F.3d 158, 163 (5th Cir. 2006).  "Importantly, in determining this issue, we view the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." <u>Druery v. Thaler</u>, 647 F.3d 535, 538 (5th Cir. 2011) (internal quotations omitted) (citing <u>Barrientes v. Johnson</u>, 221 F.3d 741, 772 (5th Cir.2000)).  The district court must rule upon a certificate of appealability when it "enters a final order adverse to the applicant." Rule 11, Rules Governing § 2254 Petitions.

After reviewing Mendiola's § 2254 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Mendiola's § 2254 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B.  Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this

Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on February 23, 2016.

Ronald G. Morgan
United States Magistrate Judge